J-S37033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :                  PENNSYLVANIA
                                          :

            v.                        :
                                          :

CARL S GARNETT                     :
                                          :

                   Appellant       :     No. 1190 EDA 2025

Appeal from the PCRA Order Entered March 27, 2025
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000226-1971

BEFORE: DUBOW, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED DECEMBER 3, 2025**

*Pro se* Appellant, Carl S. Garnett, appeals from the order entered in the Court of Common Pleas of Chester County dismissing as untimely his sixth Post Conviction Relief Act ("PCRA") [1] petition, self-titled as a writ of *habeas corpus ad subjiciendum*. We affirm.

The PCRA court aptly recites the procedural history of this matter:

On March 18, 1972, a jury found Appellant guilty of first-degree murder of a 16 year-old girl in March 1971.[FN] On February 15, 1973, . . . the [trial] court imposed a life sentence on the first-degree murder conviction. According to then-applicable procedure, Appellant filed a direct appeal to the Supreme Court of Pennsylvania. Appellant's judgment of sentence was affirmed on October 16, 1974, by Justice of the Pennsylvania Supreme Court Samuel J. Roberts (*See Commonwealth v. Garnett*, No. 332, Misc. Docket No. 19). No further appeal was taken, and

---

[*] Former Justice specially assigned to the Superior Court.
[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

Appellant's judgment of sentence became final on January 14, 1975. *See* 42 Pa.C.S. § 9545(b)(3) (Judgment deemed final after direct review, including the expiration of time for seeking discretionary review by Supreme Court of the United States.).

FN. Appellant was brought to trial on two separate dockets; the docket set forth above, originally docketed as 226 March Term 1971, for the murder of D.L., and docket number CP-15-CR-0124-1972, originally docketed as 124 January Term 1972, for the rape of D.L. These two cases were tried together and concurrent sentences of life imprisonment for the murder and 10 to 20 years for the rape were imposed. Appellant is not challenging the sentence on CP-15-CR-0124-1972.

On April 9, 1975, Appellant filed a "Petition for Writ of *Habeas Corpus"* to the United States District Court for the Eastern District of Pennsylvania. . . . In his petition, Appellant challenged the constitutionality of his arrest, the search warrant, and his confession. He also challenged the admission of his confession, the victim's clothing, and the testimony of a rebuttal witness at trial. The District Court issued an order on April 11, 1975, adding the District Attorney for Chester County as a party and requiring a response to Appellant's Writ of *Habeas Corpus*. . . . On June 5, 1975, District Justice E. Mac Troutman issued [the Order of June 5, 1975, in which he relied on the merits to deny Appellant's petition on all asserted grounds except for those pertaining to alleged "tacit admissions," which were denied without prejudice for Appellant's failure to exhaust applicable state remedies, and otherwise found no probable cause for appeal.] *See* Order, C.A. No. 75-1026, 06/05/75.

Appellant sought relief at the state level and filed his first petition on September 27, 1977, under the Post-Conviction Hearing Act ("PCHA")[, 19 Pa.C.S. §§ 1180-1 – 1180-14, recodified 42 Pa.C.S. §§ 9541-9551 (repealed)]. Several petitions for post-sentence relief followed. The petitions filed after 1988 were filed under the [PCRA].

- 2 -

Appellant filed a second Writ of *Habeas Corpus* with the United States District Court for the Eastern District in 1992. . . . That request for relief was denied.[]

Appellant's present petition for post-sentence relief was filed on February 13, 2025, [and] titled, "Writ of *Habeas Corpus ad Subjiciendum* ("*Habeas*"). The [PCRA] court accepted this filing as Appellant's 6th PCRA petition,[2] and issued a Rule 907 Notice on February 26, 2025. Appellant filed an objection on March 11, 2025, and [the PCRA] court dismissed his petition on March 27, 2025.

Appellant filed a timely appeal on May 25, 2025.[] [The PCRA] court issued its Rule 1925(b) Order on May 15, 2025, and Appellant subsequently filed a timely Concise Statement.

PCRA Ct. Op., 6/24/25, at 2-4.

The *pro se* Brief for Appellant presents two questions on appeal, which we reproduce *verbatim* below:

1. Has the PCRA court correctly dismiss, defendant's 6th PCRA petition as untimely?

2. The scope of the Writ of Habeas Corpus challenged?

Brief for Appellant at 1.

In his appellate brief, Appellant argues that the PCRA court erred when it construed his *habeas* petition as an untimely-filed sixth PCRA petition. Specifically, he contends he suffers an unlawful detention and sentence that are based on inconsistent testimonial evidence at trial that failed to establish

---

[2] The record supports the PCRA court's designation of the present petition as Appellant's sixth filed pursuant to the PCRA. ***See Commonwealth v. Garnett***, No. 2267 EDA 2016 (Pa. Super. filed December 16, 2016) (affirming the order dismissing Appellant's prior PCRA petition, which this Court construed as Appellant's fifth).

he raped and murdered the victim, such that his incarceration brings him exclusively within the ambit of the *habeas* statute. **See** Brief of Appellant, at 6-7, 10-11.[3] The Commonwealth responds that Appellant seeks to circumvent the applicable PCRA timeliness requirement by naming the current motion a writ of *habeas corpus* instead of what it is, an untimely sixth PCRA petition.

Our scope and standard of review of an order denying a PCRA petition is well-settled. Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo.*

_____

[3] The substantive arguments underlying Appellant's issues largely sound in sufficiency and weight of the evidence, two discrete claims that must be raised on direct appeal and are not, in themselves, cognizable under the PCRA but are still susceptible to collateral review under the PCRA when couched within an ineffective assistance of counsel claim raised in a timely PCRA petition. **See** 42 Pa.C.S.A. § 9543(a)(2); **Commonwealth v. Price**, 876 A.2d 988, 995 (Pa. Super. 2005). As discussed *infra*, Appellant's failure to raise such appellate claims either on direct appeal or collaterally through a timely PCRA petition has resulted in a waiver of the claims that may not be overcome by presenting them in a self-styled *habeas* petition.

*Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*),

*appeal denied*, 101 A.3d 785 (Pa. 2014).

> "[T]he PCRA is intended to be the sole means of achieving post-conviction [collateral] relief." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). If an issue is cognizable under the PCRA, the issue must be raised in a timely PCRA petition and cannot be raised in a petition for *writ* of *habeas corpus*. *Id.* at 465-466 (stating that, "[u]nless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the *writ* of *habeas corpus*" (citation omitted)). In other words, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a *writ* of *habeas corpus*." *Id.* at 466. Moreover, regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007); *see also Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition" (citation omitted)); *Commonwealth v. Hromek*, 232 A.3d 881, 884 (Pa. Super. 2020) (affirming the *Wrecks*' holding that regardless of how a filing is titled, a petition should be treated as filed under the PCRA if it is filed after the judgment of sentence becomes final and seeks relief provided under the PCRA).

*Commonwealth v. Fantauzzi*, 275 A.3d 986, 994–95 (Pa. Super. 2022).

Furthermore, it is well-settled that if a PCRA petition is untimely filed, the jurisdictional time-bar may be overcome only if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are: (1) interference by government officials in the presentation of the claim; (2)

newly[-]discovered facts; and (3) an after-recognized constitutional right. *Fantauzzi*, 275 A.3d at 996–97, *citing* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2) (**See** Act of Oct. 24, 2018, P.L. 894, No. 146, § 2 (effective Dec. 24, 2018)). The Act amending section 9545(b)(2) provided that the one-year period applies only to timeliness exception claims arising on or after December 24, 2018. If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. **Spotz**, 171 A.3d at 676. In the case *sub judice*, Appellant invokes no time-bar exception.

Guided by this jurisprudence, we find that the PCRA court properly addressed Appellant's *habeas* petition as a facially untimely, serial PCRA petition that seeks relief from a purportedly illegal conviction, sentence,[4] and, consequently, incarceration. Because the record supports the PCRA's determination that Appellant failed to meet his burden to plead and prove that he qualifies for an exception to the statutory time-bar, we discern no basis for overturning the PCRA court's order denying relief based on untimeliness.

---

[4] Although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition. **Commonwealth v. Taylor**, 65 A.3d 426 (Pa. Super. 2013). **See also Commonwealth v. Hagan**, 306 A.3d 414, 421 (Pa. Super. 2023) ("'Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition' **Taylor**, 65 A.3d at 466.").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/3/2025